# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON L. VAUGHN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-228-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
|        Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jon L. Vaughn (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 17, 1962 and was 49 years old at the time of the ALJ's decision. Claimant completed his high school education and some college. Claimant has worked in the past as a warehouse worker, drill press operator, machine operator, electric motor installer, construction worker, and grind operator. Claimant alleges an inability to work beginning November 1, 2008 due to

limitations resulting from severe knee pain after total knee replacement in both knees, carpal tunnel syndrome, back injury, and diabetes.

**Procedural History**

On March 11, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On March 15, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 15, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") John W. Belcher in Tulsa, Oklahoma. By decision dated May 25, 2012, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on March 22, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in performing an improper credibility analysis.

**Credibility Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, status post bilateral knee surgeries, obesity, and carpal tunnel syndrome. (Tr. 78). The ALJ determined Claimant retained the RFC to perform light work by occasionally lifting/carrying or pushing/pulling 20 pounds or 10 pounds frequently, standing and/or walking for 6 hours or sitting for 6 hours. Claimant could occasionally kneel, crouch, crawl, and climb ladders, ropes, and scaffolding. She could handle and finger bilaterally frequently. (Tr. 78).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of office cleaner, press machine operator, and electrical assembler all of which the expert testified existed in sufficient numbers nationally and regionally. (Tr. 80-81). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 81).

Claimant asserts that the ALJ failed to properly evaluate his credibility. The ALJ summarized Claimant's testimony in his

decision, noting he injured his back in a work accident in August of 1993.  Claimant stated he had nine surgeries on his knees with a total left knee replacement in June of 2009.  His last right knee surgery was in August of 2011 with another surgery scheduled for June 26, 2012.  Carpal tunnel surgery was done on both hands but Claimant reported his grip remains weak and his fingers lock.  Claimant often drops the phone.  Claimant testified his diabetes made him lightheaded and left him with low energy and cranky.  He received testosterone injections every six weeks but they were not effective.  He stated he was unable to walk more than 100 yards before stopping.  (Tr. 78-79).

The ALJ noted from the objective medical evidence that no surgery had been performed on Claimant's back.  He also cited to the consultative examination by Dr. Mohammed Quadeer conducted June 3, 2010.  With regard to Claimant's musculoskeletal status, Dr. Quadeer found Claimant's "upper and lower extremity movements are normal at all joints except the lower extremity movements are decreased in both knees and examination shows the flexion of both the knees is decreased and more in the left than the right and there are scars present over the knees from surgeries in the past.  Flexion of the left knee is much decreased than the right one."  Grip strength was 5/5 bilaterally strong and firm.  Gross and fine

manipulation with the hands was normal. Cervical and thoracic-lumbar spines were non-tender with full range of motion. Lumbar-sacral spine was non-tender with full range of motion associated with muscle spasms. Straight leg raising was negative bilaterally in the sitting and supine positions. However, Claimant was unable to do heel walking or tow walking because of pain in both knees. Claimant's gait was safe and stable with appropriate speed. He did not use an assistive device to walk. (Tr. 556-59). Dr. Quadeer's range of motion evaluation indicates Claimant had 90° out of 150° flexion in the left knee and 100° out of 150° flexion in the right knee. (Tr. 560).

In evaluating Claimant's credibility, the ALJ employed the ill-conceived and legally incorrect statement that

> After careful consideration of the evidence, I finds (sic) that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 79).

This statement represents the totality of the analysis of Claimant's statements and the assessment of his credibility. As has been repeated by this Court and other courts on many occasions,

7

this analysis necessarily reverses the evaluation process required of the ALJ by first reaching an RFC and then determining if a claimant's testimony is consistent with it. The testimony should be a component in the evaluation of a claimant's RFC.

Moreover, the content of Dr. Quadeer's report does not entirely contradict Claimant's statements as the ALJ and Defendant assert. Dr. Quadeer and Claimant provide information which supports a more extensive restriction upon Claimant's ability to stand and walk than is accommodated in the RFC due to reduced knee flexion and pain.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's scant analysis of Claimant's testimony and his credibility cannot be sustained. The ALJ avoided all of the required analysis and instead relied upon portions of Dr. Quadeer's report that supported a finding of non-disability while ignoring the other portions of the report which supported Claimant's testimony and further limitations. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only

9

the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall revisit the analysis on Claimant's credibility and consider whether further restriction is required in his ability to stand and walk in his RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE